UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANTONIA HOLLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00508-TWP-TAB |
| ) | |
| METROPOLITAN SCHOOL DISTRICT OF ) | |
| PIKE TOWNSHIP, and ALAN ROGERS, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON DEFENDANT'S MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, Antonia Hollis ("Ms. Hollis"), has filed various federal and state law claims against both her former employer and the perpetrator surrounding pervasive sexual harassment she experienced from 2005 until 2010. Defendant Metropolitan School District of Pike Township ("MSD Pike") and Defendant Alan Rogers ("Mr. Rogers") have each filed motions for summary judgment. For the reasons set forth below, MSD Pike's Motion (Dkt. 34) is **GRANTED,** and Mr. Rogers's Motion (Dkt. 40) is **GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

The following statement of facts is not necessarily objectively true, but as the summary judgment standard requires, the undisputed facts and the disputed evidence are presented in the light reasonably most favorable to Ms. Hollis as the non-moving party. See *Reeves v. Sanderson Plumbing Products, Inc.,* 530 U.S. 133, 150 (2000).

During Ms. Hollis's employment, MSD Pike had an employee handbook which contained both a sexual harassment and human dignity policy. The procedure for reporting harassment was to report to a supervisor, then to the principal, and then to the superintendent. Ms. Hollis began working for MSD Pike as a cafeteria cashier at Pike High School in 2000. In

2004, she began working as a night-shift custodian at MSD Pike's Freshmen Center under the supervision of James Williams ("Mr. Williams").

In January 2005, Ms. Hollis was sexually harassed and assaulted by Mr. Williams. At the time of the harassment, Ms. Hollis reported the harassment to Mr. Rogers, who was the Head Custodian at the Freshmen Center. Then, in November 2006, Ms. Hollis met with Dr. Shawn A. Smith ("Dr. Smith"), then-principal of the Freshman Center, to report the January 2005 incident as well as documented incidents that occurred throughout 2005 and 2006. Dr. Smith did not consider the incidents as sexual harassment; therefore, no formal action was taken against Mr. Williams. Mr. Williams retired in 2010.

In 2008, Ms. Hollis switched to the day-shift and Mr. Rogers became her supervisor. Mr. Rogers began sexually harassing Ms. Hollis in 2007 and the harassment continued through October 2010. Each separate incident of harassment took place on MSD Pike property while Ms. Hollis and Mr. Rogers were working for MSD Pike. Specifically, the Complaint alleges the following events: 1) on March 24, 2010, Mr. Rogers grabbed Ms. Hollis without permission and forced her against a wall; 2) on or around July 2010, Mr. Rogers grabbed Ms. Hollis's crotch without permission and would not let Ms. Hollis leave the room; 3) on August 26, 2010, Mr. Rogers touched Ms. Hollis's crotch and breasts without permission; 4) on September 14, 2010, Mr. Rogers grabbed Ms. Hollis's rear-end without permission; and 5) on October 25, 2010, Mr. Rogers made specific verbal threats of further sexual battery to Ms. Hollis. Although not in her Complaint, Ms. Hollis also asserts that: 1) in 2007, Mr. Williams grabbed Ms. Hollis's breasts and rear-end and attempted to kiss her; 2) in 2009, Mr. Rogers grabbed Ms. Hollis's "private area" and breasts, as well as pinned her against a wall; and 3) on December 9, 2009, Mr. Rogers grabbed Ms. Hollis, threw her to the floor, tried to kiss and "grind" against her, and grabbed her

2

breasts. The harassment was persistent and Ms. Hollis repeatedly told Mr. Rogers, her supervisor, that he was harassing her. Mr. Rogers told Ms. Hollis "there (sic) is nothing you can do about it because nothing was done before."

On October 25, 2010, Ms. Hollis reported the harassment, in writing, to MSD Pike High School and Freshmen Center principal Troy Inman ("Mr. Inman"). Mr. Inman called Dr. Smith, who was then the Director of Student Community Services, and informed him of Ms. Hollis's letter. Dr. Smith was responsible for staff personnel and he acknowledged receipt of Ms. Hollis's letter on October 26, 2010. On October 27, 2010, Mr. Inman, Dr. Smith, and Director of Facilities Raul Rivas ("Mr. Rivas") began investigating Ms. Hollis's allegations.

Dr. Smith and Mr. Rivas interviewed Ms. Hollis and went through her allegations contained in her letter. Ms. Hollis identified Anna Montgomery ("Ms. Montgomery"), a cafeteria worker, as a witness to one of the incidents of harassment. Dr. Smith and Mr. Rivas also interviewed Mr. Rogers, at which time he denied harassing Ms. Hollis—though in his deposition Mr. Rogers stated that he and Ms. Hollis engaged in mutual "sexual moments" while on the job. Mr. Rogers was placed on administrative leave on October 27, 2010. Also on October 27, 2010, Dr. Smith and Mr. Rivas interviewed Ms. Montgomery. Ms. Montgomery stated that she had witnessed Ms. Hollis standing with her back against a wall, while Mr. Rogers stood in front of Ms. Hollis. Mr. Rogers had his hands on the wall with Ms. Hollis in between his arms. As part of the continued investigation, Dr. Smith and Mr. Rivas interviewed other custodians, the MSD Pike police chief reviewed security camera footage, and Dr. Smith, Mr. Rivas, and Superintendent Nathanial Jones ("Mr. Jones") met with Ms. Hollis on November 1, 2010.

Dr. Smith determined that Mr. Rogers touched Ms. Hollis inappropriately in March 2010, based upon Ms. Montgomery's statement. He further determined that Mr. Rogers had made inappropriate comments to Ms. Hollis, but could not verify each of Ms. Hollis's allegations. Ultimately, Dr. Smith concluded that Mr. Rogers had violated MSD Pike's anti-harassment policies and recommended to Mr. Jones that Mr. Rogers be terminated. On November 1, 2010, Mr. Jones, Mr. Rivas, and Dr. Smith met with Mr. Rogers and Mr. Rogers's employment was terminated.

On November 17, 2010, Ms. Hollis sent a tort claim notice to MSD Pike, as required by the Indiana Tort Claims Act ("ITCA"). *See* Ind. Code § 34-13-3-8. The notice alleged multiple torts, including negligence, assault, battery, false imprisonment, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent supervision, and negligent retention. Ms. Hollis also filed a complaint with the Marion County Office of Equal Opportunity on January 31, 2012, but her complaint was ultimately dismissed as untimely.

Ms. Hollis filed her Complaint in state court against MSD Pike and Mr. Rogers alleging ten counts under state law, including assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, false imprisonment, *respondeat superior* liability, violation of the Crime Victim's Relief Act, breach of contract, and violation of the Wage Claims Statute. Later, Ms. Hollis brought an eleventh count against MSD Pike alleging sexual harassment in violation of Title IX of the Education Amendment of 1972 ("Title IX"). MSD Pike removed the action to this Court. MSD Pike has moved for summary judgment on each of Ms. Hollis's claims. Mr. Rogers has also individually moved for summary judgment on each of Ms. Hollis's claims applicable to him.[1]

---

[1] Mr. Rogers's Reply (Dkt. 59) moves the Court to strike the Affidavit of Antonia Hollis as failing to meet the requirements of Federal Rule of Civil Procedure 56(e). Mr. Rogers's motion to strike Ms. Hollis's affidavit does not

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.Com, Inc.*, 476 F.3d 487, 489-90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) (citation omitted). However, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of a claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citation and internal quotations omitted). Finally, "neither the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and internal quotations omitted).

## III. DISCUSSION

As stated earlier, both MSD Pike and Mr. Rogers have filed motions for summary judgment. The Court will first address MSD Pike's motion before turning to Mr. Rogers's.

---

comply with Local Rule 7-1(a). Local Rule 7-1(a) requires that motions must be filed separately, and a motion "must not be contained within a brief, response, or reply to a previously filed motion, unless ordered by the court." Therefore, the Court will not consider Mr. Rogers's motion, but nevertheless notes that it only considers evidence submitted that complies with Federal Rule of Civil Procedure 56(e).

A.      MSD Pike's Motion for Summary Judgment (Dkt. 34)

   1.      Title IX

Title IX provides that "[n]o person in the United States, shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). Title IX implicitly provides a private right of action for sex discrimination. *Cannon v. Univ. of Chi.*, 441 U.S. 677, 717 (1979); *Smith v. Metro. Sch. Dist. Perry Twp.*, 128 F.3d 1014, 1018 (7th Cir. 1997). In *Smith*, the Seventh Circuit determined that Title IX, unlike Title VII, "provides no basis for creating a standard of liability based on agency principles." 128 F.3d at 1027. Much like in suits under 42 U.S.C. § 1983, the court stated that, "[j]ust as the municipality must 'cause' the discrimination, and not merely a municipal employee, so too must a 'program or activity' 'cause' the discrimination, and not merely an employee of the program or activity." *Id.*

However, Title IX applies exclusively to sex discrimination in education. *See Raines v. Indianapolis Pub. Schs.*, 52 Fed. App'x 828, 832 (7th Cir. 2002). Title VII is the federal vehicle for bringing employment sexual harassment claims, even against parties to whom Title IX would otherwise apply. Ms. Hollis is correct that in *Franklin v. Gwinnett Public Schools*, 503 U.S. 60, 75 (1992), the Supreme Court analogized teacher-student sexual harassment to supervisor-subordinate sexual harassment for Title IX claims. But this citation merely recognizes that "it is helpful to look to Title VII to determine whether the alleged sexual harassment is severe and pervasive enough to constitute illegal discrimination on the basis of sex for purposes of Title IX." *Smith*, 128 F.3d at 1023. Likewise, in *Lakoski v. James*, 66 F.3d 751, 753 (5th Cir. 1995), the Fifth Circuit declined to adopt the plaintiff's reasoning—similar to Ms. Hollis's in this matter—that *Franklin* and other cases imply a private right of action for employment

discrimination under Title IX. The court stated that "[g]iven the availability of a private remedy under Title VII for aggrieved employees," allowing an employment discrimination suit under Title IX "would disrupt a carefully balanced remedial scheme for redressing employment discrimination by" employers who are considered an education program under Title IX. *Id.* Thus, the Court also declines to allow Ms. Hollis's employment sex discrimination claim under Title IX. Therefore, MSD Pike's motion with regard to this claim is **GRANTED** and the claim is **DISMISSED**.

### 2. State Law Claims

#### a. Intentional Torts

As an initial matter, the Court notes that it has granted summary judgment and dismissed the sole federal claim in this case. However, the Court will retain supplemental jurisdiction over the remaining state law claims. Under 28 U.S.C. § 1367(a), district courts have supplemental jurisdiction over all claims, such as state law claims lacking diversity, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, district courts may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Seventh Circuit has held that "[n]ormally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Elec. Corp. v. Metro. Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (internal quotation marks omitted). There are three exceptions to the rule: "(1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a

substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Id.* at 514–15 (internal quotation marks omitted). Here, the parties have filed thorough briefing so a remand to state court would require duplication of effort. Further, it is clear how the state claims should be decided.

In her Complaint, Ms. Hollis has pleaded alternatively that at all times, Mr. Rogers was either acting within the scope of his employment when engaging in sexual harassment, or was outside the scope of his employment as indicated in Indiana Code § 34-13-3-5(c). Ms. Hollis is entitled to plead these alternative theories, but she cannot recover separately on inconsistent theories. MSD Pike can only be held responsible for Mr. Rogers's actions under *respondeat superior* liability if he was within the scope of his employment when he acted.

Although there is no dispute that the incidents forming the basis of this case occurred during work hours and on MSD Pike property, the evidence does not support a reasonable jury verdict that Mr. Rogers was acting within the scope of his employment. In *Barnett v. Clark*, 889 N.E.2d 281, 284 (Ind. 2008), the Indiana Supreme Court explained that "in order for an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." (citing *Celebration Fireworks, Inc. v. Smith*, 727 N.E.2d 450, 453 (Ind. 2000)). Even tortious or criminal acts may fall within the scope of employment. *Id.* Here, Mr. Rogers's acts were not incidental to the conduct authorized by MSD Pike nor did they further MSD Pike's business. As in *Barnett*, Mr. Rogers was not "explicitly or impliedly authorized to touch or confine" Ms. Hollis. *Id.* at 286. His actions of grabbing Ms. Hollis's crotch, breasts, or rear-end were not an extension of authorized duties. Therefore, he was not acting within the scope of his employment and MSD Pike cannot be held liable under *respondeat superior*. MSD Pike's motion for

summary judgment on this issue is **GRANTED** and Ms. Hollis's claims for the alleged intentional torts of assault, battery, false imprisonment, and intentional infliction of emotional distress are **DISMISSED**.

### b. Negligent Infliction of Emotional Distress

In Indiana, the claim of negligent infliction of emotional distress requires that a plaintiff sustain "a direct impact by the negligence of another and, by virtue of that direct involvement sustains an emotional trauma which is serious in nature and of a kind and extent normally expected to occur in a reasonable person." *Bader v. Johnson*, 732 N.E.2d 1212, 1221 (Ind. 2000). MSD Pike contends that it is unclear whether Ms. Hollis is seeking to hold MSD Pike directly or vicariously liable for this tort, but regardless, her claim fails as a matter of law. In her response, Ms. Hollis does not put forth any disputed facts or statements of law to support her claim. Therefore, this claim against MSD Pike is deemed abandoned. *See Palmer v. Marion Cnty.*, 327 F.3d 588, 597 (7th Cir. 2003). MSD Pike's motion for summary judgment on this issue is **GRANTED** and the claim is **DISMISSED**.

### c. Indiana Crime Victim's Relief Act

MSD Pike contends that Ms. Hollis cannot maintain her claims for treble damages, attorneys' fee, and costs against MSD Pike under Indiana Code §§ 35-42-3-3 (criminal confinement) and 34-45-9 (criminal gang control). In her response, Ms. Hollis does not put forth any disputed facts or statements of law to support her claim. Therefore, this claim against MSD Pike is deemed abandoned. *See Palmer*, 327 F.3d at 597. MSD Pike's motion for summary judgment on this issue is **GRANTED** and the claim is **DISMISSED**.

### d. Negligent Hiring and Negligent Retention

MSD Pike contends that Ms. Hollis's claim that MSD Pike negligently hired or retained Mr. Rogers must fail as a matter of law. In Indiana, "a separate cause of action for negligent hiring accrues when an employee steps beyond the recognized scope of his employment to commit a tortious injury upon a third party." *Bd. of Sch. Comm'rs of City of Indianapolis v. Pettigrew*, 851 N.E.2d 326, 332 (Ind. Ct. App. 2006) (internal quotation omitted). In her response, Ms. Hollis does not put forth any disputed facts or statements of law to support her claim. Therefore, this claim against MSD Pike is deemed abandoned. *See Palmer*, 327 F.3d at 597. MSD Pike's motion for summary judgment on this issue is **GRANTED** and the claim is **DISMISSED**.

    e.  **Breach of Contract and Indiana Wage Claims Statute**

MSD Pike contends that Ms. Hollis's claims of breach of contract and violation of the Indiana Wage Claims Statute must fail as a matter of law. First, Ms. Hollis's breach of contract claim would be barred by the statute of limitations. Second, Ms. Hollis's claim under the Wage Claims Statute would be barred because she failed to exhaust administrative remedies. Ms. Hollis concedes that summary judgment should be granted on these claims. Dkt. 52 at 17 (requesting the Court deny the motion "with respect to all counts save Count IX (breach of contract) and Count X (violation of wage claims statute)"). Therefore, MSD Pike's motion for summary judgment on this issue is **GRANTED** and these claims are **DISMISSED.**

    3.  **Indiana's Workers Compensation Act**

MSD Pike contends that any claims for physical injuries are barred by the exclusivity provision of the Indiana Workers Compensation Act ("IWCA"). The IWCA "provides an exclusive remedy against an employer for accidental injuries that arise out of and in the course of the injured victim's employment." *Tippman v. Hensler*, 716 N.E.2d 372, 374–75 (Ind. 1999).

Ms. Hollis contends that application of the IWCA is inappropriate at the summary judgment stage, as it is a question of subject matter jurisdiction in Indiana state courts. *See Id.* at 374. However, whether there remains a viable cause of action is different from determining subject matter jurisdiction, and federal courts "must apply applicable substantive state laws to the case before it." *Goetzke v. Ferro Corp.*, 280 F.3d 766, 779 (7th Cir. 2002); *see Preston v. Chancellor's Learning Sys., Inc.*, No. 1:08-cv-1017-LJM-TAB, 2009 WL 1583464 (S.D. Ind. June 4, 2009). Ms. Hollis also contends that MSD Pike failed to raise the IWCA as an affirmative defense in its Answer, but she fails to establish what prejudice she has suffered. Further, Ms. Hollis contends that if the IWCA applies, MSD Pike had actual knowledge of the harassment at issue, and was deliberately indifferent to the harassment; therefore, the conduct was not "accidental." *See Id.* at 375. The Court discusses this final contention below.

The test for whether an injury occurred by an accident is "whether the sufferer intended or expected that injury would, on that particular occasion, result from what he was doing." *Id.* Ms. Hollis argues that MSD Pike was "placed on notice of sexual harassment and a hostile environment" based on Ms. Hollis's complaint in 2006. Dkt. 52 at 15. However, Ms. Hollis's complaint in 2006 did not put MSD Pike on notice of Mr. Rogers's harassment, as that had not yet begun. It is undisputed that Ms. Hollis did not complain of Mr. Rogers's actions until 2010 and that MSD Pike immediately put Mr. Rogers on administrative leave then subsequently terminated his employment. In *Tippman*, the Indiana Supreme Court stated that the pertinent question is, "Did the party who is advocating the applicability of the Act intend for harm to result from the actions that party undertook?" 716 N.E.2d at 376. Here, the answer must be no. Ms. Hollis has not put forth sufficient evidence to show a disputed issue of whether MSD Pike had actual knowledge and intended Ms. Hollis's injuries. "'[M]ere' employer negligence or

recklessness is not sufficient to strip the Worker's Compensation Board of jurisdiction and instead vest jurisdiction in a court of law." *Baker v. Westinghouse Elec. Corp.*, 637 N.E.2d 1277, 1275 (Ind. 1994). Therefore, to the extent Ms. Hollis has any viable claims for workplace injuries, as to MSD Pike those injuries were "accidental" and the IWCA provides the exclusive remedy. MSD Pike's motion for summary judgment on this issue is **GRANTED**.

**B.      Mr. Rogers's Motion for Summary Judgment (Dkt. 40)**

Ms. Hollis has brought numerous state law tort claims against Mr. Rogers. As the Court explained above, it will exercise supplementary jurisdiction over these claims. Mr. Rogers contends that he cannot be sued under the ITCA because he was, at all times, acting within the scope of his employment when the incidents at issue took place. As the Court explained above, although there is no dispute that the incidents forming the basis of this case occurred during work hours and on MSD Pike property, the evidence does not support a reasonable jury verdict that Mr. Rogers was acting within the scope of his employment. In *Barnett v. Clark*, 889 N.E.2d 281, 284 (Ind. 2008), the Indiana Supreme Court explained that "in order for an employee's act to fall 'within the scope of employment,' the injurious act must be incidental to the conduct authorized or it must, to an appreciable extent, further the employer's business." (citing *Celebration Fireworks, Inc.*, 727 N.E.2d at 453). Even tortious or criminal acts may fall within the scope of employment. *Id.* Here, Mr. Rogers's acts were not incidental to the conduct authorized by MSD Pike nor did they further MSD Pike's business. As in *Barnett*, Mr. Rogers was not "explicitly or impliedly authorized to touch or confine" Ms. Hollis. *Id.* at 286. His actions of grabbing Ms. Hollis's crotch, breasts, or rear-end were not an extension of authorized duties. Therefore, ITCA immunity does not apply and Ms. Hollis may bring her tort claims against Mr. Rogers.

Mr. Rogers argues that Ms. Hollis did not plead a factual basis in the Complaint that he was acting outside the scope of his employment. This argument ignores that Ms. Hollis is entitled to plead alternative theories, and that the facts alleged in the Complaint and in Ms. Hollis's response adequately support a reasonable finding that Mr. Rogers acted outside the scope of his employment. Therefore, Mr. Rogers's motion for summary judgment on the claims of assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, negligence, and false imprisonment is **DENIED**.

Additionally, Mr. Rogers contends he is entitled to summary judgment on Ms. Hollis's claim that he violated the Indiana Crime Victim's Relief Act, specifically under Indiana Code §§ 35-42-3-3 (criminal confinement) and 34-45-9 (criminal gang control). In her response, Ms. Hollis does not put forth any disputed facts or statements of law to support this claim. Therefore, this claim against Mr. Rogers is deemed abandoned. *See Palmer*, 327 F.3d at 597. Mr. Rogers's motion for summary judgment on this issue is **GRANTED** and this claim is **DISMISSED**.

## IV.  CONCLUSION

The Court **GRANTS** MSD Pike's Motion for Summary Judgment (Dkt. 34) and **GRANTS in part** and **DENIES in part** Mr. Rogers's Motion for Summary Judgment (Dkt. 40). In doing so, the Court makes the following rulings regarding the claims against MSD Pike:

- Count I, Assault, is **DISMISSED**;
- Count II, Battery, is **DISMISSED**;
- Count III, Intentional Infliction of Emotional Distress, is **DISMISSED**;
- Count IV, Negligent Infliction of Emotional Distress, is **DISMISSED**;
- Count V, Negligence, is **DISMISSED**;
- Count VI, False Imprisonment, is **DISMISSED**;

- Count VII, *Respondeat Superior*, is **DISMISSED**;

- Count VIII, Crime Victim's Relief Act, is **DISMISSED**;

- Count IX, Breach of Contract, is **DISMISSED**;

- Count X, Violation of Wage Claims Statute, is **DISMISSED**; and

- Count XI, Violation of Title IX, is **DISMISSED**.

The Court makes the following rulings regarding the claims against Mr. Rogers:

- Counts I, II, III, IV, V, and IV remain set for trial against Mr. Rogers.

- Count VIII, Crime Victim's Relief Act, is **DISMISSED.**

**SO ORDERED.**

Date: 10/15/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Antonia Hollis
6067 Tybalt Drive
Indianapolis, Indiana  46254

Harold R. Bickham
BARNES & THORNBURG LLP
hbickham@btlaw.com

Jeanine R. Kerridge
BARNES & THORNBURG LLP
jeanine.kerridge@btlaw.com

Katherine S. Strawbridge
POLLACK LAW FIRM PC
kstrawbridge@pollacklawpc.com

Caren L. Pollack
POLLACK LAW FIRM, P.C.
cpollack@pollacklawpc.com